Zheng v. Holder

BIA
A077 644 974

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand thirteen.

PRESENT:
JOSÉ A. CABRANES,
RICHARD C. WESLEY,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*

_____

YONG GUI ZHENG,
*Petitioner,*

v.                                          12-3763
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Michael Brown, Law Office of Michael Brown, PC, New York, NY.

**FOR RESPONDENT:** Stuart F. Delery, Acting Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Tracie N. Jones, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yong Gui Zheng, a native and citizen of the People's Republic of China, seeks review of a September 11, 2012, decision of the BIA denying his motion to reopen. *In re Yong Gui Zheng*, No. A077 644 974 (B.I.A. Sep. 11, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case. We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

There is no dispute that Zheng's 2012 motion to reopen, filed almost ten years after the agency's final order, was untimely. *See* 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). To the extent Zheng contends that the time and numerical limitations do not apply because his motion was "based on changed circumstances arising in" China,

2

8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii), his arguments are unpersuasive.

The basis of Zheng's motion to reopen – his renewed claim for asylum based on his newly commenced practice of Falun Gong in the United States – is a change in personal circumstances arising in the United States, not a change of conditions arising in China. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008); *Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006). Moreover, as Zheng did not submit evidence to establish country conditions in China either at the time of his initial merits hearing in 2001, or at the time he requested reopening, the BIA did not err in concluding that he failed to demonstrate changed conditions since the time of his last hearing. *See Matter of S-Y-G-*, 24 I&N Dec. 247, 253 (BIA 2007); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Furthermore, even if this Court were to find that an alien could establish a change in country conditions based on a foreign government's newfound awareness of his personal circumstances, the BIA reasonably declined to credit Zheng's evidence that Chinese officials were aware of his practice of Falun Gong, as the only evidence of the government's

3

awareness came through Zheng's mother, who the BIA found unreliable. Indeed, Zheng's mother's unauthenticated statement describing how village officials became aware of Zheng's practice and delivered village notices to her demanding that Zheng cease his practice, was questionable for a number of reasons: (1) it asserts that Zheng's mother is illiterate and that an unidentified third party wrote the letter; (2) despite the claims of illiteracy, it indicates that Zheng's mother could read the signs and slogans on the photographs the village committee showed to her; and (3) it relies on Zheng's prior family planning based asylum claim as true, even though that claim was found not credible, and Zheng made no attempts to explain the prior adverse credibility finding. Accordingly, the BIA did not err in declining to give probative weight to Zheng's mother's statement, or the village notices she forwarded. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 149 (2d Cir. 2007) (concluding that the BIA did not abuse its discretion in declining to credit an unauthenticated village notice where the petitioner's credibility had already been called into question); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (finding that the weight afforded to

4

an applicant's evidence in immigration proceedings lies largely within the discretion of the agency).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk